### The ROGERS OIL COMPANY, a corporation, Plaintiff,

### v.

### Wilbur F. ROGERS, Defendant.

### Civ. A. No. 22 L.

United States District Court
D. Nebraska.
May 15, 1956.

Floyd E. Wright (Mothersead, Wright & Simmons), Scottsbluff, Neb., for plaintiff.

Daniel Stubbs and W. R. Metz, Alliance, Neb., for defendant.

DELEHANT, Chief Judge.

In this action for an accounting and other general relief as between a plaintiff employer and its alleged president and employee under a written contract, defendant has served and filed a Motion For More Definite Statement in respect of some six items referred to and identified in the complaint in general terms. By way of example, those terms include "other property", "other equipment", "equipment", "property", "personnel", "funds", "time", "facilities", "corporations", and "business entities".

It is readily recognized that greater particularity could have characterized the language of the complaint at the points to which the motion is directed. Yet, it is also believed that despite its generality the complaint complies with Rule 8(a), 28 U.S.C.

Under the present language of Rule 12 (e), 28 U.S.C., it is provided that:

"* * * If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing his responsive pleading. * * *"

That language constitutes the only authority within which the present motion is tendered. And the court is satisfied that it is not sufficient to justify the allowance of the motion. Within its thought, defendant may reasonably be required to frame a responsive pleading. It is not believed that he will have any practical doubt respecting the charges which he is answering. But if he does, he may within the rules answer accordingly. Rule 8(e) (2), 28 U.S.C.

The court unhesitatingly recognizes that before trial defendant may be entitled to some or all of the particularization he now seeks. But he may get it then through appropriate discovery proceedings. Now is not the time, and a motion for more definite statement is not the method to obtain such information.

An order is being entered denying and overruling the motion.